```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                         |   |                              |
|-------------------------|---|------------------------------|
| KEELY PAPAY,            | : |                              |
|                         | : |                              |
|         Plaintiff,      | : |                              |
|                         | : |                              |
| V.                      | : | CASE NO. 3:03-CV-2083 (RNC)  |
|                         | : |                              |
| TOWN OF NEW CANAAN,     | : |                              |
|                         | : |                              |
|         Defendant.      | : |                              |

                         RULING AND ORDER

Plaintiff brings this action against her former employer, the Town of New Canaan, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, alleging that a supervisor's sexual harassment created a hostile environment, and that the Town's failure to fire the harasser forced her to resign.  The Town has moved for summary judgment.  I conclude that there are genuine issues of material fact regarding the hostile work environment claim, but not the constructive discharge claim.  Accordingly, the motion is granted in part and denied in part.[1]

I.   Facts

Viewing the evidence in the record in a manner most

---

[1] Plaintiff's complaint refers to retaliation (see Compl. ¶¶ 22-24), and religious harassment (see Compl. ¶¶ 19-20), but her memorandum in opposition to the motion for summary judgment reveals no intention to press either type of claim.  Accordingly, any such claims are deemed waived.  See Matos v. Runyon, No. 3:95CV2012 (AWT), 1998 U.S. Dist. LEXIS 22531, at *13 n.6 (D. Conn. Mar. 25, 1998); D. Conn. L. Civ. R. 7(a)1.

1

favorable to the plaintiff, a jury could reasonably find the following facts.  Plaintiff was hired as an Administrative Assistant in the Town of New Canaan Planning and Zoning Department in April 1999.  (Papay Decl. ¶ 2.)  Others who worked in the Department were Hiram Peck, Town Planner, and Jon McEwan, Assistant Town Planner.  (Def.'s Local Rule 56(a)1 Statement ¶ 2.)

From November 1999 to November 2002, McEwan sexually harassed plaintiff in the workplace.  (Papay Decl. ¶ 5.)  He pressed his genitals into her buttocks on numerous occasions, at least twice while having an erection.  (Papay Decl. ¶¶ 7-8.)  He repeatedly asked her about breast feeding, dilation, her breast size, and her sex life.  (Papay Decl. ¶ 9.)  He often told her about his own sex life, often commented on her physical appearance, and once told her he dreamed of having a second wife who looked like her.  (Papay Decl. ¶ 9.)  In addition, he frequently glared at her breasts and trapped her at her workstation by standing extremely close to her.  (Papay Decl. ¶ 9.)  As a result of McEwan's behavior, the plaintiff suffered from post traumatic stress disorder.  (Pl.'s Local Rule 56(a)2 Statement ¶ 58.)[2]

---

[2]  The Town's version of what occurred is very different. According to the Town, McEwan and the plaintiff had friendly conversations about pregnancy and child-rearing because McEwan's wife and the plaintiff were expecting children at the same time (McEwan Dep. 32-42), and McEwan never engaged in any intentional

2

Plaintiff informally complained about McEwan's verbal harassment to Peck. (Papay Decl. ¶ 15.) On one occasion, she also attempted to complain informally to Richard Bond, the Town's First Selectman, but he walked away. (Papay Decl. ¶ 14.) The Town took no action in response to these informal complaints. (Papay Decl. ¶ 18.) Until November 2002, plaintiff told no one about McEwan's physical harassment because she found it difficult to talk about and was hoping he would be fired for other reasons. (Papay Decl. ¶¶ 12 n.1, 16.)

On December 30, 2002, plaintiff's lawyer submitted a letter to the Town detailing McEwan's verbal and physical harassment and asking the Town to fire him. (Papay Decl. ¶ 19; Pl.'s Ex. A.) The Town commenced an investigation and the plaintiff took paid leave. (Def.'s Local Rule 56(a)1 Statement ¶ 20.) Plaintiff returned to work on February 23, 2003, by which time McEwan was on paid leave. (Def.'s Local Rule 56(a)1 Statement ¶ 40.)

The Board of Selectmen determined that the results of the investigation were inconclusive and decided not to fire McEwan. (Papay Decl. ¶ 22; Def.'s Local Rule 56(a)1 Statement ¶¶ 41, 44-45.) To remedy tension between the plaintiff and McEwan, the Board resolved to move McEwan's office down the hall from plaintiff's office by 60 to 100 feet. (Def.'s Local Rule 56(a)1 Statement ¶ 35; Papay Decl. ¶ 23.)

---

physical contact with the plaintiff (McEwan Dep. 53-56).

McEwan returned to work on March 17, 2003, but plaintiff did not report to work then or thereafter. (Def.'s Local Rule 56(a)1 Statement ¶¶ 43, 46.) Plaintiff timely filed an EEOC complaint on April 19, 2003.

## II. Discussion

Summary judgment may be granted only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The defendant has the burden of showing the absence of a genuine issue of material fact, and all reasonable inferences must be drawn in favor of the plaintiff. Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003). To overcome a properly supported motion, the plaintiff must point to evidence in the record that would permit a jury to return a verdict in her favor. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

### Hostile Work Environment

Plaintiff's hostile work environment claim requires a two-part showing: "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotation marks omitted). The Town contends that the evidence on which the plaintiff relies is insufficient to satisfy

4

either part of this test.  I disagree.

"[S]exual harassment includes 'conduct [that] has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.'"  Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001) (second alteration in original) (quoting 29 C.F.R. § 1604.11(a)).  Whether harassment is sufficiently severe or pervasive to be actionable depends on the totality of the circumstances.  Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000).  Relevant factors include the physical environment of the work area, the nature of the unwelcome sexual acts and words, the frequency of the offensive encounters, the severity of the conduct, whether it is humiliating or physically threatening, whether it unreasonably interferes with the victim's work performance, and its effect on the victim's health.  See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

In support of her claim, plaintiff alleges that McEwan's physical and verbal harassment occurred regularly over a period of three years, and included five to ten instances of conduct amounting to sexual assault.³  If a jury believed her testimony

---

  ³ Defendant contends that the 300-day statute of limitations for filing claims with the Equal Employment Opportunity Commission (EEOC) bars this court from considering any acts alleged to have taken place more than 300 days before plaintiff filed her EEOC complaint on April 19, 2003.  See 42

in this regard, it could reasonably conclude that McEwan engaged in a persistent pattern of behavior that crossed "the line separating merely offensive or boorish conduct from actionable sexual harassment." Cruz, 202 F.3d at 571.[4]  The Town emphasizes that the alleged instances of physical assaults are few in number, but the case law does not require a minimum number of incidents.  Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 439 (2d Cir. 1999).

Plaintiff urges that a jury could hold the Town vicariously liable for McEwan's harassment on the ground that he was acting as her supervisor.  See Faragher v. City of Boca Raton, 524 U.S.

---

U.S.C. § 2000e-5(e)(1).  However, hostile work environment claims can be predicated on events occurring outside the statute of limitations period "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002); see also Petrosino v. Bell Atl., 385 F.3d 210, 220 (2d Cir. 2004).  Plaintiff has alleged at least one incident of harassment within the 300-day window -- a sexual assault occurring in August or September 2002 (Papay Decl. ¶ 7) -- and the harassing acts were sufficiently related in nature and time to constitute the same practice.  Therefore, all alleged acts of harassment are relevant to the hostile work environment claim.

[4]  The Second Circuit has found triable issues of fact in sexual harassment cases based on similar evidence of repeated physical contact or intimidation.  See, e.g., Holtz v. Rockefeller & Co., 258 F.3d 62, 75-76 (2d Cir. 2001) (harasser repeatedly touched the plaintiff's hand and hair, obscenely leered at her, and commented on her sex life); Cruz, 202 F.3d at 571 (harasser physically threatened the plaintiff by repeatedly backing her into a wall); cf. Quinn v. Green Tree Credit Corp., 159 F.3d 759, 768 (2d Cir. 1998) (one lewd comment and one incident in which a supervisor touched the plaintiff's breasts with paper insufficient).

775, 807 (1998).  The Town responds that Peck was plaintiff's sole supervisor and only he evaluated her performance.  (See Def.'s Local Rule 56(a)1 Statement ¶¶ 3-4; Def.'s Ex. D.) According to the plaintiff, however, she reported to McEwan and performed "any type of task that he directed [her] to do." (Papay Dep. 10, July 12, 2004.)  Moreover, McEwan has acknowledged that the plaintiff worked for him and that he supervised her (although he was not her direct supervisor). (McEwan Dep. 77.)  On this record, reasonable jurors could find that McEwan engaged in harassing conduct while having supervisory authority over the plaintiff.

Because a jury could find that McEwan interacted with the plaintiff in his capacity as a supervisor, his harassment can be imputed to the Town unless it successfully establishes, as an affirmative defense, that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and that the plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities."  Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher, 524 U.S. at 807.[5]  The Town contends that its affirmative defense is bound to

---

[5] When sexual harassment is perpetrated by a supervisor, the employer may be held automatically liable if the harassment culminated in a tangible employment action against the employee, such as demotion or discharge.  See Ellerth, 524 U.S. at 765.  A constructive discharge may qualify as a tangible employment action if the employee "quits in reasonable response to an employer-sanctioned adverse action officially changing her

succeed because it had a written anti-harassment policy (see Def.'s Local Rule 56(a)1 Statement ¶ 47), and plaintiff made no attempt to report any form of sexual harassment until her lawyer submitted the letter in December 2002 (see Def.'s Local Rule 56(a)1 Statement ¶¶ 14-15; Peck Dep. 52-53).  If we accept the plaintiff's version of the facts, however, and give her the benefit of all reasonable inferences, she complained about McEwan's verbal harassment to Peck to no avail (Papay Decl. ¶¶ 15, 18), was rebuffed when she went over his head and complained to Bond (Papay Decl. ¶ 14), and got no meaningful relief from the Town, even after her lawyer submitted the letter of December 2002, because McEwan still would have been able to enter her office to gain access to files (Papay Decl. ¶ 23; Bond Dep. 42). On this record, then, the Town is not entitled to judgment as a matter of law.

Constructive Discharge

To prevail on her constructive discharge claim under Title VII, the plaintiff must prove that the Town "intentionally create[d] an intolerable work atmosphere that force[d] [her] to quit involuntarily." Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996).  A hostile work environment and constructive discharge are distinguished by the severity of the

---

employment status or situation." Penn. State Police v. Suders, 542 U.S. 129, 134 (2004).  Plaintiff alleges no such adverse action, so automatic employer liability does not apply.

8

harassment.  See Suders, 542 U.S. at 149.  An employee complaining of a hostile work environment "is expected to remain on the job while seeking redress."  Id. at 147 (quoting Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1015 (7th Cir. 1997)).  What must be determined, therefore, is "whether a reasonable jury could find that further deliberate employer actions . . . 'ratcheted' the harassment up to 'the breaking point' for a reasonable person in [plaintiff's] situation."  Petrosino, 385 F.3d at 230 (quoting Suders, 542 U.S. at 148).  This requires a showing that the Town's conduct precipitating the discharge was deliberate -- that is, "beyond mere negligence or ineffectiveness."  Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 74 (2d Cir. 2000); see also Petrosino, 385 F.3d at 229-30.  The Town contends that the evidence does not permit such a finding of deliberateness.  I agree.

Plaintiff resigned after the Board of Selectmen decided not to fire McEwan and instead resolved to move his office down the hall from hers.  A jury might well agree with plaintiff that the Town's response to her complaint was "deficient." (Pl.'s Mem. in Opp'n 31.)  However, "ineffective or even incompetent" conduct does not satisfy the Second Circuit's deliberateness requirement. Whidbee, 223 F.3d at 74.  Plaintiff's proffered evidence "does not support an inference that [the Town] intended to create intolerable workplace conditions."  Id.  To the contrary,

9

although the efficacy of the Town's proposed remedy is debatable, it confirms the Town's "interest in retaining the plaintiff[]" as an employee.  Id.  Whether plaintiff would have faced intolerable work conditions as a result of the Town's action is speculative because she did not return.

III. Conclusion

For the foregoing reasons, defendant's motion for summary judgment [Doc. #28] is granted in part and denied in part.  The only Title VII claim that remains for trial is the hostile work environment claim.[6]

So ordered.

Dated at Hartford, Connecticut this 8th day of February 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge

---

[6] The Court notes that defendant has moved for summary judgment on the issue of punitive damages.  Treating this aspect of the motion as a motion to strike the prayer for punitive damages, the motion is granted.  Municipalities are immune from liability for punitive damages, see City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981), although this does not preclude an award of attorney's fees against a municipality, as defendant suggests, see 42 U.S.C. § 2000e-5(k).

10